[No. 4041.]

# B. F. SHERWOOD *v.* THE MEADOW VALLEY MINING COMPANY.

STOCK IN A CORPORATION.—Certificates of stock in a corporation are not negotiable securities, in a commercial sense, but are mere evidences of the holder's title to a given share in the property and franchises of the corporation.

IDEM.—If a corporation issues to an owner of shares of stock a certificate transferable on the books of the company by indorsement and surrender of the certificate, and he indorses the same and then loses it, and it comes into the hands of a *bona fide* purchaser for value, such purchaser acquires no right to the stock.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

On the 30th day of November, 1872, Henry Schmeidell, a broker in San Francisco, owned twenty shares of the stock of the defendant, a corporation organized for mining purposes, and received the following certificate:

"Twenty Shares.                                              No. 7405.
"MEADOW VALLEY MINING COMPANY.
"Incorporated May 15th, 1869.
"Capital $6,000,000.                        60,000 shares—$100 each.

"SAN FRANCISCO, November 30, 1872.

"This certifies that H. Schmeidell, trustee, is the owner of twenty (20) shares of the capital stock of the Meadow Valley Mining Company, transferable on the books of the company by indorsement hereon and surrender of this certificate.                        "T. W. COLBURN,
"Secretary.
"AUG. J. BOWIE, JR.,
"Vice-President.
"Location of works: Lincoln County, Nevada.
"Indorsed: HENRY SCHMEIDELL, Trustee.
"Witness: N. K. MASTEN."

The stock was entered on the books of the company in the name of "Henry Schmeidell, trustee." On said 30th of November, Schmeidell sold twenty shares of stock to B.

Levy, and indorsed the certificate thus: "H. Schmeidell, trustee," and delivered it to him, but no change was made on the books of the company, nor did Levy inform the company of his purchase. On the 7th day of April, 1873, Levy lost the certificate. On the 8th day of April, 1873, he notified the corporation of his loss, and having indemnified it, on the 19th of May following, the company gave him a new certificate, a copy of the old one. On the 7th of April, 1873, the plaintiff, who was also a stock broker, purchased, in the usual course of business, twenty shares of the stock of said corporation, and H. Morrison, who sold the same, delivered him the certificate which Levy had lost. Sherwood paid value, and did not know of Levy's loss. On the 2d day of July, 1873, Sherwood, still ignorant that the certificate was not good, and of Levy's loss, presented it to the corporation and demanded a new certificate to be issued to him. The company refused. By the custom of brokers in San Francisco, certificates drawn as this was, and indorsed, pass from hand to hand, by mere delivery, without any transfer on the books of the company. This was an application for a writ of mandate to compel the corporation to issue a new certificate to the plaintiff. The court below refused to issue the writ, and the plaintiff appealed.

*J. W. Winans,* for the Appellant.

The certificate of stock No. 7405 was a negotiable or *quasi* negotiable instrument, and gave the holder thereof the title to the stock it represented. (*Mechanics' Bank* v. *N. Y. and N. H. R. R. Co.,* 4 Duer, 538, 539, 540; *Leavitt* v. *Fisher,* 4 Id. 20; *Fatman* v. *Loback,* 1 Id. 354; *Kortright* v. *Commercial Bank of Buffalo,* 22 Wend. 360; *Fisher* v. *Morris Canal and Banking Co.,* Court of Appeals (N. J.) Nov. 1854, Com. Law Register, May, 1855, p. 423; *Wheeler* v. *Guild,* 20 Pick. 545; 2 Parsons on Notes and Bills, 268; *N. Y. and N. H. R. R. Co.* v. *Schuyler,* 34 N. Y. 82.)

Under the custom and practice and long-established usage among brokers and dealers in the stock market, upon making sales and purchases of stocks, the certificates thereof, indorsed by the party in whose name they are issued, are

passed from hand to hand as having the force and effect of negotiable instruments, without transfer on the books of the company which issued them, and when so passed from hand to hand, any such certificate has the force and effect of negotiable paper, at least to the extent of being good against the claim of a party who lost it, or from whom it was stolen, when the holder took it *bona fide* for a valuable consideration, and in the due course of trade. (2 Parsons on Contracts, 52, 53, 55; *The Commercial Bank of Buffalo* v. *Kortright,* 22 Wend. 348; *Smith* v. *Wright,* 1 Caine's Rep. 43; *Hinton* v. *Locke,* 5 Hill, 437; *Outwater* v. *Nelson,* 20 Barb. 29.)

*Crane & Boyd,* for the Respondent.

Assuming that the capital stock of the company was divided into 60,000 shares, this particular certificate represented $\frac{20}{60000}$ undivided parts of the assets and business of the corporation, and nothing more. (*Harris* v. *S. F. R. R. Co.,* 41 Cal 408; *Atkins* v. *Gamble,* 42 Cal. 99.)

But it did not represent shares which could be segregated from the other shares by any particular earmark. In other words, one share was as good as another. (*Hardenberg* v. *Bacon,* 33 Cal. 384; *Hawley* v. *Brummagim,* 33 Cal. 394; *Brewster* v. *Sime,* 42 Cal. 139; Angell on Corporations, Secs. 564, 565.)

A certificate of stock is neither a negotiable nor a *quasi* negotiable instrument. (Civil Code, Sec. 3087; *Mechanics' Bank* v. *N. Y. & N. H. R. R. Co.,* 13 N. Y. 623, 627, 628, 629; 34 N. Y. 72; *Farmers' Bank* v. *Butcher Bank,* 14 N. Y. 633; *Hart* v. *Lawman,* 29 Barb. 417.) Nor is it a "security." (*Graydon's Exrs.* v. *Graydon,* Am. Law Reg., June, 1873.)

By the Court:

In *Atkins* v. *Gamble* (42 Cal. 99), we held that certificates of stock in a corporation are not negotiable securities in a commercial sense; but are mere muniments and evidences of the holder's title to a given share in the property and franchises of the corporation of which he is a member. We do not think it necessary to again go over the reasoning, or

engage in a review of the authorities by which the conclusion is maintained. Mr. Parsons, in a note to the sixth edition of his work on Contracts (vol. 1, p. 290), after a somewhat extended citation of the authorities upon the general subject, says:

" The result would seem to be that all corporation bonds and government stocks, which pass by delivery, or indorsement with delivery, are negotiable; but that certificates of stock in a corporation are not." |

The question underwent an exhaustive consideration by the Court of Appeals of the State of New York, in the year 1856, in *Mechanics' Bank* v. *N. Y. and N. H. R. R. Co.* (3 Kernan, 599), and the opinion of the court, delivered by Justice Comstock, contains a masterly exposition of the principles of law and a citation and comparison of the judicial decisions applicable to the question.

We are of opinion that upon the agreed facts of the case, the judgment of the court below was correctly entered in favor of the defendants

Judgment affirmed.